# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| **JEAN JACQUES ELIANTES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   CASE NO.: 1:22-cv-22580-KMM |
| | ) |
| **HCSG EAST, LLC** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT'S MOTION TO COMPEL

Defendant HCSG East, LLC, ("Defendant") pursuant to Federal Rule of Civil Procedure 37, hereby moves the Court to compel Plaintiff Jean Jacques Eliantes to provide complete answers to Defendant's First Interrogatories within seven days. This motion is necessary as case deadlines are approaching and Plaintiff's ongoing delay has required the postponement of Plaintiff's deposition and a scheduled mediation. In support of this motion, Defendant shows the following to the Court:

1.  On September 23, 2022, Defendant served its First Discovery Requests upon Plaintiff. Plaintiff's responses were originally due on October 24, 2022. On October 24, at 6:25 p.m., Plaintiff's counsel requested a thirty-day extension to respond. Defendant agreed to extend the deadline to November 23, 2022.

2.  Plaintiff did not respond by re-set deadline. Defendant emailed Plaintiff's counsel on November 28, 2022 and requested that Plaintiff respond within

the week. Plaintiff's counsel requested an additional extension through December 7, which Defendant agreed to.[1] On December 7, 2022, Plaintiff served his answers to Defendant's interrogatories and responses to Defendant's requests for production.[2]

3. On December 9, 2022, undersigned counsel for Defendant emailed Plaintiff's counsel pursuant to Federal Rule of Civil Procedure 37 identifying several deficiencies in Plaintiff's discovery responses.[3] Those deficiencies included:

- Interrogatory 1 asked for the identity of any charge or complaint filed by Plaintiff with any government agency. Plaintiff identified only one union complaint. He did not identify (or provide the other requested information) for any EEOC, FCHR, or other Complaint. Plaintiff's answer was obviously incomplete as his three-page document production consisted entirely of an EEOC Charge and Right to Sue letter. This issue is vital to the case as Defendant contends that it was not properly named at the EEOC stage of the litigation, that it lacked appropriate notice and an opportunity to respond at the administrative stage, and that Plaintiff failed to exhaust his administrative remedies.

---

[1] A copy of emails reflecting these exchanges is attached as Exhibit A.

[2] A copy of Plaintiff's answers and responses is attached as Exhibit B.

[3] A copy of this email is attached as Exhibit C.

- Interrogatory 2 sought information regarding potential witnesses. Plaintiff referenced "two younger cooks" as alleged co-workers without providing their names or other requested identifying information. This information is necessary as this is an age discrimination case and Defendant contends that all of its employees who held the same position as Plaintiff were older than Plaintiff.
- In response to Interrogatory 5, Plaintiff failed to provide all requested information for his previous employers.
- In response to Interrogatory 10, Plaintiff failed to provide any dates or addresses, or identify any documents, including employment applications, for the entities he alleges that he has sought employment with. This information is relevant to Plaintiff's damages and duty to mitigate, among other issues.

4. In the December 9 Rule 37 email, undersigned counsel requested that Plaintiff supplement his responses within seven days to allow time to issue subpoenas before Plaintiff's deposition, which had been scheduled for January 23, 2023. Ex. C. Undersigned counsel also left a voicemail with Plaintiff's counsel's office to discuss the case and discovery disputes. *Id.*

5. On December 13, 2022, Plaintiff's counsel's office emailed that they would "work on obtaining updated responses." On December 13, undersigned

counsel and Plaintiff's counsel spoke on the phone regarding the discovery dispute and case, generally. Over the next week, undersigned counsel sent emails to Plaintiff's counsel requesting an update on when he would serve the supplemental responses. On December 21, 2022, undersigned counsel was informed that Plaintiff's counsel was "trying to get the requested information as soon as possible."[4]

6. Since December 21, 2022, Plaintiff's counsel has stopped communicating with undersigned counsel and has not responded to emails sent on December 29, 2022, and January 3, 2023, or to voice messages left the same dates.[5]

7. Plaintiff's discovery responses have still not been supplemented. Plaintiff did not object to any of the interrogatories at issue or Defendant's request for supplementation. Due to Plaintiff's delay, his deposition must be rescheduled, and a mediation set shortly after his deposition will also have to be rescheduled. Discovery in this matter is set to close on February 24, 2023. Plaintiff's responses are needed to allow time for subpoenas to be issued, responsive documents reviewed, and Plaintiff deposed before that deadline. This delay is not due to Defendant, which served the discovery on September 23 and has made diligent efforts to receive complete responses.

---

[4] A copy of the emails reflecting these exchanges are attached as Exhibit D.

[5] A copy of the emails reflecting these exchanges are attached as Exhibit E.

8.      Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel has attempted to resolve this dispute in good faith through emails and telephone calls as set forth herein. This motion is timely under S.D. Fla. L.R. 26.1(g)(2)(A)(iv) as it is filed within 28 days of Plaintiff's counsel's cutting off of communication on December 21, 2022.

9.      Alternatively, this motion is timely under S.D. Fla. L.R.26.1(g)(2)(B) as good cause exists for the Court to address Plaintiff's underlying deficient discovery responses. Those responses were served on December 9, 2023. Undersigned counsel engaged in good faith attempts to resolve the deficiencies without necessitating Court involvement. The Court's intervention only became necessary after communication with opposing counsel broke down in mid-December with deadlines pending.

Therefore, for the reasons stated above, Defendant requests that this Court enter an Order compelling Plaintiff Jean Jacques Eliantes to provide complete answers to Defendant's First Interrogatories within seven days.

                Respectfully submitted,

                */s/ William E. Stevenson*
                William E. Stevenson
                Florida Bar No. 0109583
                SCOTT DUKES & GEISLER, P.C.
                211 Twenty-Second Street North
                Birmingham, Alabama 35203
                Telephone:   (205) 251-2300
                Facsimile:    (205) 251-6773

wstevenson@scottdukeslaw.com

*/s/ Christine E. Howard*
Christine E. Howard
Florida Bar No. 87229
FISHER & PHILLIPS, LLP
101 East Kennedy Blvd
Suite 2350
Tampa, FL 33602
Telephone: (813) 769-7503
choward@fisherphillips.com

*Counsel for Defendant HCSG East, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January, 2023 I have served a copy of the foregoing upon counsel of record by electronic mail:

Jason S. Remer
Remer & Georges-Pierre, PLLC
44 West Flagler St., Suite 200
Mimi, Florida 33130
jremer@rgpattorneys.com
mremer@rgpattorneys.com

*/s/ Christine E. Howard*
Christine E. Howard