EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22580-KMM

JEAN JACQUES ELIANTES,

      Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.,

      Defendants.
_____/

## PLAINTIFF, JEAN JACQUES ELIANTES, RESPONSES TO DEFENDANTS', FIRST SET OF INTERROGATORIES TO PLAINTIFF

Plaintiff, JEAN JACQUES ELIANTES ("Plaintiff"), by and through his undersigned counsel and pursuant to the Federal Rules of Civil Procedure, hereby serves his Answers to Defendant's First Set of Interrogatories, propounded upon Plaintiff.

### I. GENERAL STATEMENT

Plaintiff does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent.

Inadvertent disclosure of any information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall such inadvertent disclosure waive or prejudice this right of Plaintiff to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to Plaintiff as of this date. Plaintiff reserves the right to modify, amend and/or supplement these responses. Plaintiff's

1

CASE NO.: 1:22-cv-22580-KMM

responses to any of these interrogatories shall not constitute an admission by Plaintiff that information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the use of such information. Subject to the foregoing, Plaintiff responds as follows:

## II. GENERAL RESPONSES

Plaintiff's response to the interrogatories is made to the best of his/her present knowledge, information, and belief. Said response is at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such additional knowledge of facts as may result from its further discovery or investigation. Plaintiff reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or documents responsive to the limited to, any such information or documents obtained in discovery herein.

Plaintiff reserved all other questions as to the competency, relevance, materiality, privilege or admissibility as evidence in any subsequent proceeding in trial of this or any other action for any purpose whatsoever of Plaintiff's responses herein and any document or thing identified or provided in response to the Interrogatories.

Plaintiff reserves the right to object on any ground at any time to such other or supplemental interrogatories as Defendant may at any time propound involving or relating to the subject matter of these interrogatories.

CASE NO.: 1:22-cv-22580-KMM

## INTERROGATORIES

1. Identify all complaints or charges you have filed with any federal, state, or local agency, including, but not limited to, the Equal Employment Opportunity Commission, the Florida Commission on Human Relations (or any affiliated local agency), and the U.S. Department of Labor. For each charge or complaint, list the name of the agency, the date the charge or complaint was filed, the charge or complaint number, the facts surrounding such charge or complaint, including, but not limited to, the names of the parties, the claims involved, the resolution of the charge or complaint (including any failure by any agency to conciliate or make a cause determination), and all documents relating to the charge or lawsuit.

**ANSWER:**

To the best of my recollection, I filed a complaint through my union for money owed to me from Treasure Isle Care Center.

2. Identify all persons having knowledge, directly or indirectly, of facts concerning the issues, claims, and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.

**ANSWER:**

Eliantes Jean Jacques – C/O: Remer, Georges-Pierre & Hoogerwoerd, PLLC – I am an individual over the age of 40. I began my employment with Treasure Isle, LLC on or about 1979. While employed, Treasure Isle, LLC sold to Healthcare Services Group and I was transferred to work with Healthcare Services Group as a cook on or about November 22, 2018. On or about early 2020 Stephanie Marley became my supervisor. Stephanie would discriminate against me due to my age, 64-years old. She would purposefully give me the grunt work and would call me old. I complained to the Administrator, I do not recall his name. Then, on or about April 14, 2020 I was working with supervisor Nelson and two younger cooks when the kitchen fire alarm went off. Nelson went through the kitchen and saw that nothing was left on and there was no fire. However, the following day, Stephanie Marley, called me and told me that because the fire alarm went off and caused danger to the residents I was fired. I believe she used this as an excuse to fire me because the other two cooks did not get reprimanded or terminated. I believe Stephanie fired me based on discrimination of my age and in retaliation of my complaints of discrimination against her to the administrator.

Stephanie Marley – C/O: Defendant – Stephanie became my supervisor on or about early 2020. When Stephanie became my supervisor I was discriminated against her based on my age. She would purposefully give me the grunt work and she would tell me I was old and I couldn't work anymore. I made complaints to the administrator against her and the discriminatory treatment she gave me. Then on or about April 15, 2020 she fired me saying that it was because a fire alarm went off when there was no fire. I think she fired me based on discrimination of my age and in retaliation to my complaints against her to the administrator.

3

CASE NO.: 1:22-cv-22580-KMM

Nelson (LNU) – C/O: Defendant – Nelson was my supervisor the night of the fire alarm. Nelson walked through the kitchen and saw that there was no fire and everything was properly turned off. He knows that I did not put residents at risk.

3. Identify every person, other than your attorney, with whom you have mentioned, discussed, or communicated in any way about this lawsuit, or the claims made in this lawsuit, and identify every document evidencing such communication.

**ANSWER:**

To the best of my recollection, I have not discussed this case with anyone other than my attorney.

4. Identify any current or former agent or employee of Defendant with whom you have communicated, after the separation of your employment with Defendant, concerning or relating in any way to the subject matter of this lawsuit.

**ANSWER:**

To the best of my recollection, I have not spoken to anyone from HCSG since I was fired in discrimination of my age and in retaliation to my complaints.

5. Identify by name and address each person, firm or corporation, including, but not limited to, Defendant, for whom you have worked from January 1, 2012, to the present and further state or identify with particularity and specificity:

(a) the kind of work done for with each such employer;
(b) your last job title with each such employer;
(c) the date on which you began working for each such employer;
(d) the amount of compensation received from each employer for your services;
(e) the date on which you stopped working for each such employer;
(f) the reason you stopped working for each such employer; and
(g) the name of your immediate supervisor at each place of employment.

**ANSWER:**

Bay Village, Florida 33141. I was a cook and I made approximately $22.00 per hour.

On or about November 22, 2018 Treasure Isle Care Center was bought by Healthcare Services Group. I was hired as a cook earning approximately $18.00 per hour.

On or about 2019 I began working part-time with Regents Park – 18905 NE 25th Avenue, Miami, Florida 33180. I work as a cook. I earn $12.00 per hour. When I was fired from Healthcare

4

CASE NO.: 1:22-cv-22580-KMM

Services Group, I requested that I be placed in full time hours, however, it did take some time before I was able to get 40 hours per week. As of the date of these responses, I am still working at Regents Park and I am working 40 hours per week making $12.00 per hour.

6. Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

**ANSWER:**

Miami Beach Community Health Center North – 11645 Biscayne Blvd., Miami, Florida 33181. (305) 538-8835.

7. With respect to the claim for damages made by you in this action, state the following:

(a) whether the alleged injuries suffered are physical, mental or economic;
(b) whether the damages sought are compensatory, punitive, or both;
(c) for all damages you allege you have incurred in response to subparts (a) and (b), please provide the total amount of monetary damages that you seek for each claim of damages and describe with particularity the entire calculation, step by step, setting forth each of the factors and figures upon which you rely to derive such amount of damages for each category;
(d) if any of the damages used in the calculations above are estimates, describe with particularity the precise and complete basis for each such estimate; and
(e) identify each and every document relied upon in determining each amount.

**ANSWER:**

I was discriminated against due to my age. I was discriminated against by my supervisor, Stephanie Marley. I made complaints about the discriminatory treatment, due to my complaints I was fired in retaliation. Due to the retaliatory termination I have lost earnings to include back wages. While employed with HCSG East, LLC. I earned approximately $880.00 per week. I seek payment of my back wages at $880.00 per week from April 15, 2020. Additionally, as I continued to lose back wages even though my second job, Regents Park Aventura increased my hours on or about December 2020, I seek back wages for the difference in pay lost of $400.00 per week through the date of these responses. In lieu of re-employment I seek payment of front wages for the continued difference in weekly pay loss of $400.00 per week for a period of one year. Due to the humiliation, stress, depression and anxiety endured I seek compensatory damages for the maximum allowed under the law. Lastly, as HCSG East, LLC, purposefully discriminated against me and terminated me knowingly they were doing this action in retaliation to my requests for accommodations, I seek payment of punitive damages for the maximum amount allowed under the law. Below are my calculations.

5

CASE NO.: 1:22-cv-22580-KMM

### DISCRIMINATION AND RETALIATION CLAIM CALCULATION
### APRIL 15, 2020 TO DECEMBER 15, 2020 (35 WEEKS)

| | |
|---|---|
| Number of Weeks Since Adverse Employment Action | 35 weeks |
| My Average Weekly Wages | $880.00 |
| Amount of Back Wages Owed (weeks x avg. wage) | $30,800.00 |

### DISCRIMINATION AND RETALIATION CLAIM CALCULATION
### DECEMBER 15, 2020 TO NOVEMBER 7, 2022 (103 WEEKS)

| | |
|---|---|
| Number of Weeks Since Adverse Employment Action | 103 weeks |
| My Average Weekly Wages | $400.00 |
| Amount of Back Wages Owed (weeks x avg. wage) | $41,200.00 |
| Amount of Front Wages in lieu of re-employment (52-weeks) | $20,800.00 |
| Claim for Compensatory Damages | $150,000.00 |
| Claim for Punitive Damages | $150,000.00 |
| **DISCRIMINATION AND RETALIATION CLAIM** | **$392,800.00** |

Additionally, I seek payment of my attorney's fees and costs.

8. Identify all notes, diaries, or other writings made by you relating to your claims in this lawsuit or your employment with Defendant.

**ANSWER:**

None.

9. Identify every recording, whether audio or video, you have made of any current or former employee or agent of Defendant, or that otherwise evidences or supports your claims in this lawsuit.

**ANSWER:**

None.

10. Identify by name and address each and every entity or individual from whom you have sought employment from 2017 to the present, regardless of whether such employment was part-time or temporary, specify whether an offer of employment was made and if it was accepted, and identify each and every document that evidences, refers, or relates to your efforts to seek such employment.

**ANSWER:**

To the best of my recollection, I applied for work at the following places:
Palm Quest Nursing Home

6

CASE NO.: 1:22-cv-22580-KMM

Claridge Nursing Home
Palm Garden
Fortune Head Nursing Home
Garden Nursing Home
Le Garden Nursing Home
North Dade Nursing Home
Water Crest Nursing Home.

I was not hired at any of the above locations. I applied at the above locations in person.

I was working for Regents Park Aventura and I asked them to give me fulltime hours after being fired from Health Care Services Group.

11. Identify each and every source of income you have received from January 1, 2017, to the present, and for each source identified, please state the amount of income received and the month in which it was received.

**ANSWER:**

To the best of my recollection I have had the following income sources:

Approximately 1979 to 2018 – Treasure Isle Care Center – 1737 North Treasure Drive, North Bay Village, Florida 33141. I was a cook and I made approximately $22.00 per hour.

On or about November 22, 2018 Treasure Isle Care Center was bought by Healthcare Services Group. I was hired as a cook earning approximately $22.00 per hour.

On or about 2019 I began working part-time with Regents Park – 18905 NE 25th Avenue, Miami, Florida 33180. I work as a cook. I earn $12.00 per hour. When I was fired from Healthcare Services Group, I requested that I be placed in full time hours, however, it did take some time before I was able to get 40 hours per week. As of the date of these responses, I am still working at Regents Park and I am working 40 hours per week making $12.00 per hour.

12. If you have ever pled guilty to or been convicted of any crime other than a minor traffic violation, for each such conviction or guilty plea, state:
(a) the nature of the offense;
(b) the date of the offense;
(c) the county and state in which you were convicted, tried, or pled; and
(d) the sentence you received from your conviction or plea.

**ANSWER:**

No.

7

CASE NO.: 1:22-cv-22580-KMM

13. Identify all text messages, emails, instant messages, social networking content, blog entries and/or other online or electronic communications made or received by you that relate, refer, or pertain in any way to your claims in this lawsuit or your employment with or separation from Defendant.

**ANSWER:**

None.

14. Identify any and all service providers, carriers, and phone numbers for any personal phone used by you from 2017 to the present, including all phone numbers used during that time period.

**ANSWER:**

From approximately 2012 I've had my cell phone service through Metro PCS. My number has been 305-949-4443 since approximately 2012.

## VERIFICATION

I, Eliantes Jean Jacques, being duly sworn, depose and say:

1. I am a Plaintiff in the above-referenced matter. I am fully familiar with the facts set forth herein.

2. I have reviewed the above Answers to the First Set of Interrogatories and I hereby attest that these Answers were prepared on the basis of my personal knowledge.

3. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing Answers are true and correct to the best of my personal knowledge and review of records.

Executed this __12/7/2022__.

*Eliantes Jean-Jacques*
ID yE7S9Q7AghjPi7gf4xWCTcgG

Eliantes Jean Jacques

## eSignature Details

**Signer ID:** **yE7S9Q7AghjPi7gf4xWCTcgG**
Signed by: Eliantes Jean Jacques
Sent to email: sharlenejacques@gmail.com
IP Address: 66.176.145.77
Signed at: Dec 7 2022, 5:06 pm EST

CASE NO.: 1:22-cv-22580-KMM

Date: December 7, 2022

Respectfully submitted,

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

/s/: *Jason S. Remer*
Jason S. Remer Esquire
Florida Bar Number: 165580

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on 7 December 2022, via US mail and/or electronic mail to the following:

Wes Stevenson, Esquire
Scott Dukes & Geisler, PC
*Attorney for Defendant*
211 22nd Street North
Birmingham, Alabama 35203
wstevenson@scottdukeslaw.com

Christine E. Howard, Esquire
Fisher & Fisher, LLP
*Attorney for Defendant*
101 E. Kennedy Blvd., Suite 2350
Tampa, Florida 33602
choward@fisherphillips.com

Respectfully submitted,

/s/: *Jason S. Remer*
Jason S. Remer Esquire
Florida Bar Number: 165580

9

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:22-cv-22580-KMM

JEAN JACQUES ELIANTES,

    Plaintiff,

v.

HEALTHCARE SERVICES GROUP, INC.,

    Defendants.
_____/

## PLAINTIFF, JEAN JACQUES ELIANTES, RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff, JEAN JACQUES ELIANTES ("Plaintiff"), hereby submits his Responses to the First Request for Production propounded by Defendant and states as follows:

### I. GENERAL STATEMENT

Plaintiff endeavored at this stage of litigation to respond to Defendants' Request for Production on the basis of the best data available. Persons who are non-parties may have relevant information or documents, but Plaintiff is not purporting to provide in these Responses, materials, if any, presently possessed by such persons.

Plaintiff does not intend to disclose information that is privileged or is otherwise immune from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, except pursuant to a specific written agreement covering such information, shall be deemed inadvertent. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall such

inadvertent disclosure waive or prejudice the right of Defendant to object to the use of any such information during this or any subsequent proceeding.

The responses herein are based on the best information available to Plaintiff as of this date. Plaintiff reserves the right to modify, amend and/or supplement these responses. Plaintiff's response to any of these Requests for Production shall not constitute an admission by Plaintiff that information is properly discoverable or admissible at trial, and shall not constitute a waiver of any objection which might otherwise be made to the use of such information produced herein, for any purpose, in whole or in part, in any proceeding to this action or any other action. Similarly, Plaintiff does not waive the right to object to other requests or other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to. All of the answers are made subject to the above comments and qualifications.

Plaintiff will produce responsive, non-privileged documents to the extent such documents exist and are in his possession, custody and control, at the offices of her undersigned counsel at a date and time mutually convenient to the parties' respective counsel. All Plaintiff's responses are made subject to the above General Statements.

Subject to the foregoing, Plaintiff responds as follows:

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents that support your contentions in this case.

ANSWER:

None.

CASE NO.: 1:22-cv-22580-KMM

2. Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and Defendant, or any of its current or former agents or employees, including but not limited to the individuals identified in your Complaint, concerning or relating in any way to your employment with or separation from Defendant or the subject matter of this lawsuit.

ANSWER:

None.

3. Produce all documents identified in your initial disclosures or in response to Defendant's First Interrogatories to Plaintiff.

ANSWER:

None.

4. Produce all documents referred to in responding to Defendant's First Interrogatories to Plaintiff.

ANSWER:

None.

5. Produce a copy of any lawsuit previously filed by or against you in the last fifteen years.

ANSWER:

None.

6. Produce a copy of any document that you intend to introduce or refer to at trial in this case.

ANSWER:

Plaintiff refers Defendant to all documents produced in response to Defendant's Request for Production. All admissible documents received from Defendant in response to Plaintiff's Request for Production.

CASE NO.: 1:22-cv-22580-KMM

7. Produce every document that evidences, refers or relates to communications between you and any other individual, other than your lawyer, with whom you have consulted about the subject of this lawsuit or your employment with Defendant.

ANSWER:

None.

8. Produce each and every document that supports or relates to your claims for damages in this lawsuit.

ANSWER:

None.

9. Produce all written, recorded, or oral statements of any witness concerning or relating to your employment with or separation from Defendant or the claims made in the Complaint.

ANSWER:

None.

10. Produce any calendar, journal, diary, handwritten notes, or other memoranda which reference the allegations made in the Complaint or your employment with or separation from Defendant.

ANSWER:

None.

11. Produce your state and federal tax returns from the 2017 taxable year to present, including all attachments thereto.

ANSWER:

Requested from Plaintiff. In the alternative, Plaintiff is willing to execute IRS Release 4506 allowing Defendant to request Plaintiff's Tax returns from the IRS.

CASE NO.: 1:22-cv-22580-KMM

12. Produce copies of all documents reflecting any job offer extended to you, or any effort by you to procure employment, while employed by Defendant or subsequent to your employment with Defendant or any of its affiliated companies, including, but not limited to, employment applications, resumés, correspondence, notes, memoranda, and documents from a prospective employer from which employment was sought regarding interviews, applications, offers of employment, and rejections of applications for employment.

ANSWER:

None.

13. Produce any and all documents that evidence, refer, or relate to any previous EEOC charge or FCHR complaint filed by you against any individual or entity, including Defendant.

ANSWER:

Produced, find herein enclosed.

5

CASE NO.: 1:22-cv-22580-KMM

Date: December 7, 2022

Respectfully submitted,

**REMER, GEORGES-PIERRE & HOOGERWOERD, PLLC**
2745 Ponce De Leon Blvd.
Coral Gables, Florida 33134
Telephone: (305) 416-5000

/s/: *Jason S. Remer*
Jason S. Remer Esquire
Florida Bar Number: 165580

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent on 7 December 2022, via US mail and/or electronic mail to the following:

Wes Stevenson, Esquire
Scott Dukes & Geisler, PC
*Attorney for Defendant*
211 22nd Street North
Birmingham, Alabama 35203
wstevenson@scottdukeslaw.com

Christine E. Howard, Esquire
Fisher & Fisher, LLP
*Attorney for Defendant*
101 E. Kennedy Blvd., Suite 2350
Tampa, Florida 33602
choward@fisherphillips.com

Respectfully submitted,

/s/: *Jason S. Remer*
Jason S. Remer Esquire
Florida Bar Number: 165580